FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2014 FEB -5 P 5: 14

CLERK'S OFFICE
AT BALTIMORE

DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GREGORY MARSHALL #183459
    Plaintiff    :

v.    :    CIVIL ACTION NO. JKB-14-292

MR. ROGER W. TITUS, United States    :
  District Court Judge in the United States
  District Court for Maryland    :
    Defendant

## MEMORANDUM

On December 4, 2013, Greegory Marshall, presently confined at Jessup Correctional Institution, filed a civil action in the District Court for Baltimore City against the Honorable Roger W. Titus, a member of this court.[1] As best can be discerned, Marshall alleged that Judge Titus violated his due process rights under the state constitution and Maryland Declaration of Rights and thus is not entitled to immunity for his judicial actions. Specifically, Marshall sought money damages of $30,000 and claims Judge Titus prematurely dismissed his lawsuit in *Marshall v. Weber, et al.*, Civil Action No. RWT-11-2755 (D. Md.). ECF No. 2. The state court action was removed to this court on January 29, 2014. ECF Nos. 1, 4 and 5.

Under 28 U.S.C. § 1441(a), actions "brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *Id.; see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Here, the underlying case alleges a due process violation by an officer of the United States in connection with a federal civil rights lawsuit, a matter over which this court has original

---

[1] *See* http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=010100284312013&loc=1&detailLoc=DSCIVI L.

subject matter jurisdiction. Marshall's attempt to circumvent dismissal of his claim based on judicial immunity by claiming a due process violation under Maryland law does not prevent the removal of his state action to federal court pursuant to 28 U.S.C. §§ 1441 and 1442.

The defense of absolute immunity extends to "officials whose special functions or constitutional status requires complete protection from suit." *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). Judges, whether presiding at the state or federal level, are clearly among those officials who are entitled to such immunity. *See Stump v. Sparkman*, 435 U.S. 349 (1978). Because it is a benefit to the public at large, "whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences," *Pierson v. Ray*, 386 U.S. 547, 554 (1967), absolute immunity is necessary so that judges can perform their functions without harassment or intimidation. "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Mireles v. Waco*, 502 U.S. 9, 10 (1991), quoting *Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1872). Moreover, the law is well-settled that the doctrine of judicial immunity is applicable to cases alleging violations of civil rights. *Stump*, 435 U.S. at 356.

In determining whether a particular judge is immune, inquiry must be made into whether the challenged action was "judicial," and whether at the time the challenged action was taken, the judge had subject matter jurisdiction. *See Stump*, 435 U.S. at 356. Unless it can be shown that a judge acted in the "clear absence of all jurisdiction," absolute immunity exists even when the alleged conduct is erroneous, malicious, or in excess of judicial authority. *Id.* at 356-57.

2

A review of Marshall's allegations does not compel the conclusion that Judge Titus acted in clear absence of jurisdiction.[2] Rather, Marshall's lawsuit is exactly the type of action that the *Pierson* Court recognized as necessitating the doctrine of judicial immunity. In apparent disagreement with the decisions reached in a federal forum, Marshall turned to a state forum to assert allegations of unconstitutional acts by the federal judge who presided over his original lawsuit. Because removal of the state court action is proper and judicial immunity precludes Marshall's recovery of damages against the named defendant, sua sponte dismissal of the case is appropriate.

Even if the undersigned were to assume that this action would not be barred due to judicial immunity, it nonetheless is subject to dismissal. The Prison Litigation Reform Act ("PLRA"), codified in relevant part at 28 U.S.C. § 1915(g), mandates that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Thus, once three such dismissals under § 1915(e) or Fed. R. Civ. P. 12(b)(6) have been accumulated, a prisoner is barred thereafter from initiating further civil actions in forma pauperis, absent imminent threat of physical harm.[3] Marshall has three previous "strikes"[4] and the claim set forth in the instant complaint does not suggest the possibility of imminent harm.

---

[2] Marshall's claim to the contrary, he was afforded ample due process in connection with his earlier lawsuit. Marshall was provided written notice that various responses filed by defendants would be considered dispositive motions, and was provided ample opportunity to oppose those motions. *See Marshall v. Weber, et al.*, Civil Action No. RWT-11-2755, ECF Nos. 7 and 10; *see also* ECF Nos. 50 and 54. Judgment was entered against Marshall on December 17, 2012. ECF Nos. 61 and 62, and his appeal, as amended (ECF Nos. 64 and 67) was dismissed on April 3, 2013, for failure to prosecute. ECF No. 69. The mandate issued on April 3, 2013. ECF No. 70.

[3] Of course, this provision does not preclude an inmate from prepaying the full $400.00 fee to refile claims previously rejected under § 1915(g) or to file future civil actions.

3

For these reasons, a separate order shall be entered dismissing this action and closing this case.

DATED this 5 day of February, 2014.

BY THE COURT:

James K. Bredar
United States District Judge

---

[4] *See Marshall v. Lanham*, Civil Action No. AW-97-990 (D. Md. 1997); *Marshall v. Correctional Center of Howard County*, Civil Action No. AW-97-2536 (D. Md. 1997); and *Marshall v. Kemmerer*. Civil Action No. AW-02-2133 (D. Md. 2003).